# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV615-107 |
| | ) | CR612-017 |
| ASHA K. SPAULDING, | ) | CR613-001 |
| Defendant. | ) | |

# ORDER AND REPORT AND RECOMMENDATION

Asha K. Spaulding moves under 28 U.S.C. § 2255 to vacate, set aside, or correct her federal sentence. Doc. 1. On preliminary screening, the Court denied her motion based on Spaulding's waiver of her direct and collateral appeal rights. Doc. 3 at 4 (recommending denial based on movant's sworn statement in her plea agreement); doc. 5 (adopting recommendation as judgment of the Court). Movant appealed, and the Eleventh Circuit vacated and remanded for further proceedings to "accord the parties fair notice and an opportunity to present their positions" before disposing of the case based on the plea waiver, which Spaulding did not have the chance to address prior to adoption of the recommendation. Doc. 18 (appeal opinion, quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)); *see* doc. 6 (objection to the report and

recommendation timely signature-filed but received by the Court *after* entry of the Order Adopting). The Court therefore directed the Government to respond to Spaulding's motion and permitted Spaulding to respond, to specifically address the plea-waiver issue as well as address her motion on the merits. Doc. 19. The Government moved to dismiss Spaulding's motion, arguing, *inter alia*, that she waived her collateral attack rights in her plea agreement. Doc. 21. The Court ordered Spaulding to respond to the Government's waiver argument, doc. 30, and in lieu of responding, Spaulding requested that briefing in her § 2255 matter be stayed while she pursues relief pursuant to the First Step Act, doc. 31.

While briefing was stayed, Spaulding filed her motions to reduce her sentence pursuant to the First Step Act, Pub. L. 115-391, 132 Stat. 5194 (2018). CR612-017, doc. 93; CR613-001, doc. 67. The Government responds that her motion, which seeks to alter her sentence to apply programming and time credits "toward time in prerelease custody or supervised release," is premature, must be brought under 28 U.S.C. § 2241, and must be administratively exhausted prior to seeking judicial relief. CR612-017, doc. 96 (citing *Reno v. Koray*, 515 U.S. 50, 53 (1995));

CR613-001, doc. 70 (same).  The Government is correct.

> Section 102(b)(1) of the First Step Act amended 18 U.S.C. § 3624(b) and therefore altered the availability of good-time credit for federal inmates.  Specifically, it increased the maximum allowable good-time credit from 47 days to 54 days per year, and directed the BOP to calculate good-time credit from the beginning of the year rather than the end.  However, these provisions do not take effect until the Attorney General completes the "risk and needs assessment system," which must be completed within 210 days after December 21, 2018, as provided by sections 101(a) and 102(b)(2) of the First Step Act.  *See Schmutzler v. Quintana*, 2019 WL 727794 at *2 (E.D. Ky. Feb. 20, 2019).  Thus, section 102(b)(1) "will not take effect until approximately mid-July 2019."  *Christopher v. Wilson*, 2019 WL 1745968 at *1 (N.D. Tex. Apr. 18, 2019).

*Crittendon v. White*, 2019 WL 1896501 at *1 (M.D. Pa. Apr. 29, 2019), quoted in *Austin v. Woods*, 2019 WL 2417654 at *3 (M.D. Ala. May 17, 2019).  Spaulding's argument that she is entitled to immediate relief and her request for recalculation of her good-time credit based upon the First Step Act is premature.  Further, once her claim ripens, she must first take it to the Bureau of Prisons.  Only once she has fully exhausted her administrative remedies can she seek judicial relief pursuant to 28 U.S.C. § 2241.[1]

---

[1] "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."  *Retic v. United States*, 215 Fed. App'x 962, 964 (11th Cir. 2007) (quoting *Castro v. United States*, 540 U.S. 375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003)).  This Court may "recharacterize a pro se litigant's motion to create a better

In sum, Spaulding's motion for relief under the First Step Act should be **DENIED without prejudice** as premature. CR612-017, doc. 93 & CR613-001, doc. 67. Her supplemental briefing in opposition to the Government's motion to dismiss her 28 U.S.C. § 2255 motion shall be filed **within 30 days** of service of this Report and Recommendation.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party

---

correspondence between the substance of the motion and its underlying legal basis." *Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013).

  Normally, such reconstrual requires a *Castro* warning that if petitioner chooses to proceed with her motion, she will lose her ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit. Given that any such relief is premature, however, the Court's order here could only be without prejudice and would not qualify as a decision on the merits.

  That is not to say such relief may not be granted at some future date. This Court commends Spaulding's pursuit of rehabilitation programs, college courses, and employment while incarcerated. It can take no view, however, of the merits of Spaulding's motion for good time credits. Even had she fully exhausted her administrative remedies, Spaulding must bring any such § 2241 action in the Middle District of Florida — the district of her confinement. *See* 28 U.S.C. § 89(b) (Coleman Federal Prison Camp is located within unincorporated Sumter County, Florida, which falls within the Middle District of Florida). "Section 2241 petitions may be brought *only* in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, (11th Cir. 1991) (emphasis added); *Kinsey*, 393 F. App'x at 664 ("Unlike § 2255 motions, motions made pursuant to § 2241 must be brought only in the district court for the district in which the inmate is incarcerated." (quotes and cite omitted)); *Williams v. Rivera*, 2011 WL 7005735 at * 1 (S.D. Ga. Dec. 11, 2011) (collecting cases).

4

may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __24th__ day of June, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA